and may it please the court Daniel Scott Harawa on behalf of the appellant Arthur Lee Sanford I'd like to reserve five minutes for rebuttal. Your honors the state concedes that it violated habeas rule 5 in two distinct ways. First the state concedes that it violated habeas rule 5c when it did not attach transcripts to its answer despite citing transcripts throughout its answer and then the state concedes that it violated habeas rule 5d when it did not include all of Sanford's briefs and motions that he filed in state court contesting his conviction including his full petition to appeal that was filed in the Virginia Supreme Court along with the attached exhibits. Under this court's reasoning in Thompson v Green this court must reverse. Now the state nevertheless argues that the district court did not abuse its discretion in relieving it from First the district court never acknowledged the state's failure to comply with habeas rule 5 and therefore there's no discretionary ruling at play but second the language of habeas rule 5 is mandatory. Thompson v Green makes clear that compliance with habeas rule 5 is mandatory and the state does not cite a single case in which a court held that a respondent did not have to comply with the mandatory rule so therefore it would have been an abuse of discretion if the district court had excused the state from complying with the rule and ultimately your honors and with respect my friend on the other side the state's litigation choices in this case created somewhat of a mess because the state did not attach the necessary documents to its answer it's not clear that the district court had those documents before it when issuing its ruling. This court doesn't have the documents now for to review the district court's ruling and Mr Sanford never we don't we we don't I mean the the circuit court habeas we don't have do we you don't have any of the state habeas records your honor it's surprising to me I tried to figure this out the district court clerk said they sent us everything they have and our clerk says and the long and short it looks like the district court didn't have it now the question is when the district court said it was referring to the circuit court record it only cited the the state's response every citation is the state's response it was not to the record itself and so there is a somewhat of a mystery here my my guess is the record still sitting down there in the circuit court somewhere but uh you haven't solved that problem yet your honor it's very much a whodunit or a case of missing records I I mean I think and I believe uh and the state can correct me if I'm wrong I believe the state said that the circuit court records are in Newport News um so I think that that was they were supposed to be transmitted to the federal court yes and your honor yes the district court needed those records to issue its ruling and this court certainly needs those to review the ruling the state hasn't made as far as I'm aware can I ask you about that sir about how this process should work so the district court in this case did make a request that the as part of the order that uh that the records of the state proceedings that pertinent and available be forwarded to the clerk's office and it's not clear whether or not that actually happened but is that typically the practice I mean in the Thompson case I think the way the district court I don't know that the support specifically requested records it may simply have relied on the response filed by the state and whatever records they the state would attach to its its answer so um if what had happened in this case if the court simply had relied on the state attorney general to submit whatever relevant records it deemed necessary to dispose of the case and attach them to the answer would that have sufficed I think that would if I understand your question your honor and let me just I want to clarify what happened in Thompson explain why it's similar to what happened here uh so in Thompson the district court did issue a similar order asking the attorney general of Maryland to forward any pertinent state court records along with its answer and there the attorney general of Maryland just didn't send the entire case record to the court it created a set of exhibits um and filed them separately from its answer and so and and the this court in addition to the entire record is that what you're saying or just that was the record that was the those are the pertinent records that the attorney general identified um in response to the court's order for records but apparently what happened here at least what's represented here is that entirely the entire record was delivered to the district court apparently not but that was what the court anticipated would happen and then the state and its answer attached exhibits uh didn't attach the transcripts that it relied on and the exhibits themselves were incomplete is that right uh and yes your honor and if I can just say I mean maybe the state is in the practice of having the entire state court record forwarded to the district court but I think that doesn't the point we're trying to make here is that doesn't excuse the state from complying with habeas rule 5 and its dictates and I mean and that is really for the district court's benefit we don't want district courts to have to sift through boxes of records I don't know if this has seen the box of records that the district court filed that has ever been docketed anywhere I mean the whole point of habeas rule 5 is that it's a it's a funneling system where the district court is pointed to the most pertinent documents and so I don't think the state can say well we had the entire record forwarded even though the state said or the district court said only send us the pertinent records and then the state didn't say that here the district court sent us the uh uh important record on the trial but it also asked for the habeas files yes in the state in the upper court now there is a certificate of a transmission from the supreme court uh a few documents there uh I don't quite know how that if that's in the file anyway what I do know is we don't have the habeas records and uh and it looks like the district court didn't have it yes and I think that is the only I mean the state tries to transform the district court single sentence that I've reviewed all of the records uh but I I don't think given but every citation the court gave was to the court uh the government's response they did not the court did not cite to any record yes uh to indicate that that to me uh my guess was just a statement that it assumed it so council I'm trying to um I may be jumping ahead a little bit or not but is it your position that if the state had complied with subsection c and d the issues about you know um would you have the information that you need would that be satisfactory because we have this we have these issues about private docket entries and you know the whole um transcripts from all the proceedings I'm trying to figure out if that effectively is satisfied by your view of what's required under five c and d I think it is your honor usually uh the one caveat I think would be to the extent the court starts relying on other information outside of what would be attached in exhibits and I do think the petitioner would still be uh hamstrung in their ability to respond to claims or to respond to the district court's ruling but I think in most cases the state complying with the rules would alleviate any concerns of the type that are present here given the state of the records uh facing this court now and judge Niemeyer I think your point is exactly right and that's why I think the state's argument that the one sentence in the district court's order saying I've received all the records doesn't hold water or this can't be sure that that's true given that this court doesn't have the records well I my my take on it based on what I've had we have is that the court assumed it had the full records uh because and relied on what the state filed in its response but it relied only on the response nothing what was in the habeas files and so the response is the issue under rule five the record is that issue under the rules court's order that directed the state to uh directed it all to me it looks like this case is uh unintentionally messed up because of the question of whether the district court had all the records and whether the petitioner had the records uh necessary uh to respond it may not make a difference but this is a pretty serious case as I recall the underlying case and uh so it uh I'm interested in hearing uh what the uh state has to say about the uh record issue uh that whether it's harmful or not it's another question I in the back of my mind it looked like at least some of the transcripts uh your client had uh but he doesn't know what was being relied on by the state and what was being advanced and what transcripts in particular but your honor I just quickly like to make two points I mean we do know that Mr Sanford didn't have all of the records because he moved this court after the state filed its response he moved the district court for a copy of the state court records explaining that he didn't have those records I mean that's at uh JA 224 um and so we know he may have had some of them there's no finding on what records he had versus he didn't have but I think on this record the fact that he asked the court for records and the court denied it we know he didn't have at least some of them and Mr. I'm sorry to interrupt you but so to follow up on that and you raised the point earlier about this being rule five being a funnel approach and then you you in response to Judge Quattlebaum's question you indicated that you had a caveat to that and that being that if the district court relied on something outside of the state's answer that that would be problematic and I guess that's the concern that would be the concern in every case right because if the state if the state records are submitted in full to the district court but the state relies on a portion of the record in its answer and then the district court goes beyond that response and looks at the entire record to dispose of the case the petitioner is in a bind because he doesn't have the entire record it's not like a direct appeal where you have a JA which is sort of a funnel in a direct appeal but both parties have access the the that's not the case typically in in this scenario right your honor that's right and I do think I think the press the practice of just sending the entire records is problematic as a general principle because as we see here documents may go missing we don't know what the district court relies on we know the petitioner doesn't have them all I was trying to suggest to Judge Quattlebaum is that I think in most cases it probably is the case that if the respondent is focusing on certain documents and the petitioner has them the petitioner can respond but I do think and it's a question this court need not reach now but I do think in the event that the district court starts relying on things that the petitioner doesn't have that that creates a separate issue that this court would have to address because I'm not sure in this case we can determine what the court relied on only what the state included in its response even though that response didn't include everything yes although that's not totally clear because I think I don't know but the problem of the record there's no requirement that your client be given the record but in this case the court ordered the whole record and reportedly relied on it and then your client didn't know that the record was up here because it was done with a out-of-court docket entry but I'm interested in hearing from the government on this I hear your urging your honor so if I may reserve the rest of my time and I can turn it over to my friend and address remaining questions on rebuttal I think thank you Ms. Minnix you've heard most of my questions yes your honor um let me good morning your honors and may it please the court my name is Leanna Minnix and I represent the director of the Virginia Department of Corrections in this habeas corpus appeal I have heard the court's concerns and before I begin I would like to just note that I realize this case is unusual in some ways and I understand the court has questions about the treatment of rule five in this case and more broadly actually I'm concerned not only about rule five but I'm concerned a the court reviewed the petition and it's not required to have the record but it issued a show cause order and in connection with that directed that the state provide all the records including the circuit court habeas file apparently a lot was shipped up to the court but no one knows where the circuit court habeas file is now the question is that would be pretty important for a federal court to be reviewing uh applying the 2254 standards of what was decided what wasn't decided what was the uh ruling and what what was before the court and this type of thing and uh the court said it had the records I think it said it but it looked like just a statement it made in its opinion uh refers to your uh response that's that's one issue that bothers me uh and the other issue is the response did not have all the records attached that rule five requires and uh none of this is uh is a terribly serious thing but it is a procedural mess up it seems to me we ought to fix shouldn't we yes your honor I um and I'm happy to address the court's concerns about the records that are now absent in this case um no we don't have the we uh our clerk has searched and checked with the clerk of the uh district court and so I don't know has anybody checked with the Norfolk circuit court yes your honor I did I personally investigated the record in this case and I went to Norfolk circuit court um I reviewed the record there I had a hunch that it had been inadvertently returned and I'm happy to I would point out that this case um after the district court entered its original memorandum opinion granting the respondent's motion to dismiss um this case come up for review on direct appeal before this court um it was affirmed on direct appeal by this court and this court entered an order and this is at JA 273 saying that it had independently reviewed the record uh and so I would submit that on direct appeal um the there's a presumption of regularity that attached to the district court's findings um that it had reviewed the record and to this court's finding that it independently reviewed the record as to the communications between the clerk's offices uh I would submit that those communications came after the petitioner had filed his rule 60b motion um and I'm not exactly sure uh what where the records were worried about the uh the five uh the failure to include the materials required by rule five there there seemed to be quite a bit omitted your honor I and as I as we admitted on brief we did not include the transcripts under rule 5c didn't include his whole petition as a matter of fact his petition was quite lengthy and had exhibits and and that wasn't included we I agreed your honor we also did not include a complete copy of his petition for appeal but in looking at the petitioner's complaints below and I would point to his doc 12 which is in the joint appendix his response to our motion to dismiss as well as his doc 16 which was his motion for additional records the petitioner never complained that he did not have access to those documents and I would submit that in considering well that's not totally clear he he cited several things that looked at showing that he had some materials but he also complained that he wasn't getting records and he had moved and he continually complained to the courts that he wasn't didn't have records and I I you know we look very hard it'd be nice to handle this on a harmless error type of situation because it's a but what's what's the problem but just letting the district court collect all the matters and see whether it has any different view based on the presence of all the records well your honor tells us they didn't have the record I think I would I would disagree because I do think that the district court found it had the record um it made the one statement and uh that was an order one statement was sort of backed up in the very next sentence all of them were based on what you said in the response or not you but the uh the wild well your honor I would point to doc 33 which is the court's order I know it's in the order I know it's in the order but uh my guess in reading and and then putting it all together the clerks are pretty careful and there's no transmission back to the state they would have a clear transmission box in it they did not have an itemization they had two entries of the records which did not itemize them they just they talked about the number of folders what they received and I don't know if the state habeas is defined by those folders have you compared the number of folders in the state with the docket entry um I the clerk has has made actual counted the manila folders and counted this I examined the record that was here in in this court and docket entry in the district court itemizes just by folder what it received I believe my question is does that itemization match in nature of the record in the circuit court for Norfolk based on my review of the circuit court record in Norfolk there was one habeas corpus file um and then there is uh you know your honor I would have to I would actually have to review my notes um before I make that representation but I did look at the entirety of the file in in Newport News um I certainly this would would you object to having this case go back to judge Brinkman and say get all the records before you and look at the arguments and view of those records and I think at the least she should allow you to file a an amended response so that the petitioner can have all the materials on which you're relying in order to prepare his arguments I would urge this court to affirm on the merits if the court were to decide that it was appropriate um to remand this case I do think that is the appropriate scope of the remand um if the court reached that conclusion but I do think there is more than enough evidence before this court to affirm on the merits um in addition there's evidence to affirm on the merits but the petitioner would say we didn't have all the evidence and I think his position but I would I and I disagree with his position um and I'm happy to point out that I think that looking closely at his objections below the petitioner was complaining that he kept saying that the court did not have a complete factual record before it and that was the petitioner's way of even in his first federal filing before anybody had filed anything in response of complaining that he had not received a state evidentiary hearing he wanted the opportunity to present additional evidence and so he urged the court to grant his federal habeas petition on the ground that it had an he used that language in his um federal habeas corpus petition and he echoes that language in his doc 12 and doc 16 the petitioner was concerned about the court having the complete record before it but he never complained that he did not have access to these records and um so while again uh we have admitted that we did not comply um with these requirements in rule 5 this case is not like provided for no discretion at all um no excuse i'm sorry i would like to um if it's not complied with it was a mandatory violation excuse me no discretion as to the respondent's practice of not providing petitioners with copies of parts of their actual pleading um the failure of the maryland attorney general's office to serve its exhibits on a petitioner that's a little different but here uh the petitioner was served but he was served with only a part of what the state was required to provide the rule 5 requires a list of things to be attached to a response mandatorily they were not attached uh what was attached was deficient as you've acknowledged and that was served on him so he has that but he says the state relied on materials that it didn't attach including the transcripts well your honor i think looking at the rule um looking at the language in rule 5c is shows particularly why this issue is subject to an abuse of discretion standard on top of the fact the petitioner did not raise um in looking at his statement what did you what's the argument uh well looking at rule 5c um the rule first says that the respondent must attach parts of the transcript that the respondent considers relevant so that is an exercise of discretion on the respondent's counsel's part and i agree that i'm not saying i explicitly relied on on portions of the transcript and didn't attach it yes your honor and i i acknowledge that but the second part of the rule allows for the district court to also exercise its discretion in ordering us to provide additional transcripts and so while the ruling additional transcript but how about the initial transcript that was omitted and not provided to the petitioner yes your honor and looking at the text of the rule i think that that this the text of the rule is at issue here and so while the court said in thompson it was reversible error there here this rule provides for the exercise of discretion by the district court the district court could look at the petitioner's first filing as well as his state court filings court did not even acknowledge that the transcripts were not provided in the response and he complained he complained he says my petition i didn't get any transcripts and my the copy of my petition was omitted from the district court the 24 pages were provided but the remainder was not provided and the exhibits were not provided and so the court didn't acknowledge that now the question is if the petitioner's entitled to that before he makes his defense uh and you don't comply it's not a question of discretion whether he didn't ask for additional transcripts he only asked for what was included in the response your honor the response doesn't require the whole transcript it just requires the transcripts you relied on yes your honor and in looking at these citations that the petitioner cited in his doc one his first filing and the citations that we cited there is significant overlap and so that i noticed that and that that's very troubling uh i don't know what he had he had some transcript of some kind uh and the question is do we conclude that he had all the transcripts do we conclude he had the transcripts that you were referring to there is some cross reference there yes your honor and why do we sort that out on appeal well again i would i would submit that the presumption of regularity has it's irregular we already know it's irregular your honor there is enough evidence before this court to know that to know that those district that the district court did receive and review those records in addition to the district court's finding and this court's order on direct appeal there are several documents included in the supplemental joint appendix council why why is it i'm going to move a little bit beyond rule five i mean why is the a petitioner not entitled to know what the district court receives in response to a request for documents i are you referring to the transfer of the the whole state record your honor which which i and i heard the court's concerns about that as well um the transfer of the record let me just back up a is a ministerial act that um most our office is often frequently in almost every habeas corpus case directed to coordinate between the clerk's offices we are never the custodian of the records consistent with the court's order um the records are forwarded between the state court clerk's offices and the federal district court clerk's offices and i'm my question was not really to you there's there's docket entries that are private so whether it's ex parte or not that's not really my concern i mean the petitioner doesn't know as based on what happened here what went to the court i i think that the petitioner was i recognize that the cm ecf notifications are often issued about the transmission of the state court records and receive those frequently but i hear the petitioner received notice in several ways i would point out that in our filing we noted that pursuant to the court's order to respond that we had requested the transmission of the state court records the court also noted that it was ordering us to provide to excuse me to coordinate the transmission of those records and then of course the court made its findings and i do think that the court's findings were in direct response to the petitioner's complaints in his rule 60b motion so you i mean so taking that further it sounds like it's it's your position that a petitioner is not entitled to some actual notice when the court receives documents as to what petition well your honor i think the point of notice um for example here the petitioner was issued a roseboro notice um i don't think it's in the joint appendix but it's doc 10 on the district court sheet uh provides notice to the petitioner about what he can do next what the court may do next um but in terms of the receipt of the records uh i i i don't see what the notice would do for the petitioner and i would also he could then request what was transmitted he could request a look at what the court file has he could go to the courthouse not him personally whoever represents him could go to the courthouse and look the the whole point is i didn't understand why there's a secret docket entry the public docket goes from docket number nine say to docket 11 and skips 10 and it goes from 12 to 15 and skips 14 i mean it's a peculiar practice and the court received the documents and neither did he and now the question is there's a lot of usefulness in knowing that he could go see whether it's complete he could get a look at materials request copies i don't think there's anything here to indicate that the petitioner was denied access or even requested access provided with knowledge of it right it i think that's maybe correct but had he known he might as judging myself wanted to say hey it says you got the whole record i want to make sure you know nothing's missing and in this case almost i recognize there are multiple things that could happen here and i'm not i don't know but one explanation could be that the the court didn't have the whole record i know you think that's not right and you may be right i mean you know the heaviest burden is very high you know we talk about that all the time in our cases it just seems like we're doing a whole bunch of stuff here when you know it seems fairly basic that a party should be entitled to know what goes to the court and at least have the ability to go take a look at it well and your honor i don't think there's any occasion that there's any the petitioner thought that he was even being denied his own access i understand he was concerned about the court having those documents and i think that's a separate issue because the petitioner never complained that he did not have these documents he cited his own transcripts in reviewing the state habeas record i think that my investigation revealed additional support for and i can provide it to the court if you if you are interested in it but no in knowing that the petitioner had access to those documents the exhibits that he complains about um are records that he had previously filed and so yes your honor i'm sorry no are you saying from the state proceedings he had his own copies is that what you're talking about yes your honor in this in the state habeas proceedings the petitioner filed his own transcripts as exhibits okay thank you and i i recognize that this that record's not before this court but i can provide that information to the court because i looked at it i think we at least i you know don't dispute that he would have had some or all or a lot i mean i don't know what that is but but i think that's a fair point that you know at the end of the day he might have had a lot but he might have had a lot and still wanted to see what the court had to see if it matched up one i think that that falls outside of rule five i would um that may be true and i would point to this court's body of law uh saying that the constitutional standard which is not encompassed in rule five rule five is a procedural rule of court um it is different a constitutional standard uh this court has issued multiple cases and opinions saying that the petitioner must make a particularized showing i with my remaining time i would like to touch on the fact that the record the records are regularly transferred between the courts um they are not redacted it is not appropriate for them to be my office is never the custodian of those records the clerk's offices would be required to redact those records um in accordance with the local and civil rules of procedure um and we never purported to file any of those records as exhibits in this case and so the petitioner was not entitled to a copy of his record under thompson under rule five and he's failed to meet the constitutional showing are there any other questions or concerns that i can address from the court okay thank you thank you i would ask this court to affirm yeah thank you all right mr harawa yeah thank you honor a few quick points so this court was abundantly clear in terms of the green and i can read this from page 271 the attorney general raises on appeal other contentions that he is not required to serve exhibits because they should already possess the documents or have general knowledge of those contents this court rejected that argument as borderline frivolous and said and i quote it is irrelevant whether a petitioner can demonstrate need to the court or whether he already has the documents so that argument has been considered and squarely rejected by the court i also would like to point out that mr sanford could not have been clearer in his documents that he was missing some of the records or that he was unsure that the court had all of the records so if you look at page ja212 which is his response to the motion to dismiss i quote the respondent fails to comply with rule 5b 5c and 5d governing uh section 22 2254 cases so he points out very explicitly that the failure that the state failed to comply with the habeas rules both by b which is addressing his contentions c which is a transcripts rule and d which is uh including his briefing uh in his motion to order records he says because respondents failure to and that's on page 224 again of the joint appendix and so i i just don't think it's fair to categorize mr sanford's um arguments here is anything but i don't have what i need to litigate that motion he filed a specific motion to order records yes and that motion was denied without explanation except for one request i didn't see that request for uh uh it was a request for some movie transcript yes and your honor if you look at that's the only thing that was denied and the rest it wasn't addressed yeah and the court just didn't address anything else and then if you look at his rule 60 motion he's very clear that he is unsure that the court has all of the records before it that it needs to issue its ruling in part because of the state's rule 5 violations and i mean to the extent the state is trying to make a harm argument even though thompson said there's no harm showing required it is hard to say this is harmless um there's no finding on this record that mr uh sanford had everything uh but b this idea that maybe some of the records were sent inadvertently back like that's just not the type of guesswork uh respectfully that this court should have to engage in um so could i ask you about an issue that was raised right at the end of your colleague's argument and it's addressed in the about you know if if uh you know if if like here there's a request you know by the court for documents in addition to the you know um you know the other parts of 5c um and the the the state as they do here sends or undertakes to um request that the state court send the complete files then there are um contents of those files that there may be confidentiality issues too um and and and the state's saying look i mean they're not our documents we're not custodians you know we don't want to be responsible for any violation like that what's how what's your response to that is are you seeking to have them do that type of review or are you saying look we're not asking for them to be filed we just you know we need to know what they are and have an opportunity to review them and whoever files them can make what do whatever needs to be done from a confidentiality standpoint sure your honor i think there are a few points uh in response to that question the first is a i think notice is important and mr sanford did not even know that the courts forwarded the document there's nothing in the record other than the order saying to ruling now saying i have this internal docket sheet i receive these documents so i think there's a very real notice problem then if you look at the district court's order for the records which is on page uh 60 of the joint appendix the court makes clear that it says it says send the records if pertinent and available and i don't read that language to say just send everything to me i think that necessarily requires some calling on the state's part now i don't know the relationship that the state has between uh state courts and district courts but what i do know is that this is one of the key reasons why habeas rule 5 exists is so that the necessary pertinent documents can be picked from those records and served upon the court can be docketed and sent to the petitioner i i don't want to make any kind of broader representations about the entire state court record being needed to be updated to upload to pacer or anything like that but i will say that in a situation uh where where it's clear the state has an obligation to do this the state didn't meet its obligation the fact that it just had all the records sent can somehow excuse its failure to comply with habeas rule 5 mr aurora can to follow up with that so if if we were to agree with you that this case needs to go back what what is the precise remedy that you're asking the court to direct i mean your honor i think first we need to reconstruct the right we need to figure out where the records are um and so and then i think the state needs to file an answer that is compliant with rule 5 once the records are found and because of the missing records and because of kind of the complications or the mess of this case uh i would respectfully ask that this court um include that the district court appointments of sanford council to help him navigate um what goes on if this case court were to remand the case well i guess what i'm asking is uh with respect to just question are you asking for the court to direct service of the entire record on your client or his counsel or would you be satisfied with the i think at the very beginning of this argument you indicated that it would be up to the state to call and decide what deemed to be relevant and pertinent attach that to a new answer and have that served on the petitioner to start the process sorry your honor i think there are two responses i think there needs to be a compliant answer file that complies with habeas rule 5 now that we know that the district court has the documents i think mr sanford's council should have access to those documents and should be able to take from them have the document or now that the uh record that the district court had the files of district court have we now have we do not have the habeas records yes so the for the district court to have the full vote we have to make sure that norfolk sends if they didn't send it uh sends it up or resend it if they did send it but send up the habeas file to the district court we have to send back our file to the district court i'm sorry i meant let me be clear uh so i think first this court needs to transfer what it has back to the district court which i appreciate this court actually let me comb through the files um and then i think we need to figure out where the trial habeas records are in norfolk and have them sent to the district court there are also state appellate habeas records which are missing um that need to be located and sent to the district court and then i'm not saying that the district court necessarily has to upload everything to pacer but i do think that mr sanford and his council needs to have access to those documents if the district court has them and may potentially rely on them if there are no further questions we respectfully ask for this court to remand for further are you going to stay with him when it goes if he goes back down i can stay with him under the limited nature of my clinic that i've appointed is for the appeal yes sir i want to recognize your service to the court and thank you very much and i want to thank both council for their arguments as you know we normally come down and shake hands and we would come down and shake hands and make all amends that any injustice we may have already perpetuated uh and thank you for your arguments uh next time you come we will uh we'll be shaking hands but thank you very much for your arguments before today we'll adjourn court uh for the day this honorable court stands adjourned until tomorrow morning god save the united states and its honorable court
judges: Paul V. Niemeyer, Albert Diaz, A. Marvin Quattlebaum Jr.